UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER,<br><br>    Plaintiff,<br><br>  v.<br><br>N. MALAKKLA, et al.,<br><br>    Defendants. | No. 2:17-cv-1781 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915 (ECF No. 2), a "motion re exhaust administrative remedies" (ECF No. 4), and a motion for preliminary injunction (ECF No. 5).

**I.    Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Motion Regarding Administrative Remedies**

The purpose of this motion is unclear. In it, plaintiff briefly describes submission of a prison grievance in June 2016 which relates to care he received for his ailing hip. ECF No. 4 at 1.

1

Plaintiff also describes a second inmate appeal on "similar issues" which he states is still pending. Id. at 2. The court cannot waive the requirement that plaintiff exhaust administrative remedies before bringing suit in federal court. It is settled law that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Nevertheless, failure to exhaust administrative remedies is an affirmative defense which defendants (assuming any are served) must plead. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) ("We hold that § 1997e(a) creates a defense -- defendants have the burden of raising and proving the absence of exhaustion."). Thus, the court declines to address this issue on screening. Plaintiff's motion will be denied.

### III. Motion for Preliminary Injunction

Plaintiff has filed a motion for preliminary injunction asking this court to order defendants to follow the hip replacement plan set out by a Dr. John Casey. ECF No. 5 at 3. In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The court will recommend denial of this motion without prejudice for two reasons.

First, the motion is premature insofar as no defendant has yet been served. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Rather than leaving the motion pending until screening and service (assuming it is deemed appropriate) are completed, the court will recommend denying it without prejudice to renewal at the appropriate time. This will allow plaintiff to tailor his injunctive arguments to the proper defendants.

Second, even if the court had jurisdiction over the defendants, it would be inclined to recommend denial of the requested injunction at this time. Plaintiff has made numerous

allegations concerning the irreparable medical harm he will suffer if his desired course of treatment is not followed – depression, anxiety, difficulty walking (ECF No. 5 at 6) – but has not provided any evidence to substantiate these allegations. See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."). If plaintiff elects to renew this motion, he should provide medical records which corroborate the seriousness of his condition(s). Additionally, given that his requested injunctive relief is an order compelling defendants to undertake Dr. Casey's course of treatment, plaintiff should provide documentation establishing precisely what Dr. Casey has recommended.

Finally, the court notes that no district judge is as yet assigned to this case and plaintiff has not yet indicated whether he intends to consent to magistrate judge jurisdiction. The court is inclined to adjudicate this motion quickly, so that plaintiff may weigh the medical options available to him (if any) without the uncertainty of whether this court will imminently order a change in the course of his treatment. Therefore, the court will direct the clerk of court to assign a district judge to this case so that this recommended denial of plaintiff's preliminary injunction may be ruled on.

**IV.     Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**V.     Screening Order**

It is well established that a complaint must offer a set of facts that put a defendant(s) on notice of a legal wrong the plaintiff alleges plausibly that the defendant(s) committed. Bell Atl. Corp., 550 U.S. at 556-57. After reviewing the instant complaint, the court is convinced that a defendant could not reasonably be expected to ascertain the nature of plaintiff's claims.

The twelve page complaint is largely comprised of dense, hand-written pages that are not

broken into paragraphs. Accordingly, it is extremely difficult to read. The court is able to glean that plaintiff is complaining about the medical treatment for his hip. ECF No. 1 at 4. It is not readily apparent, however, how each of the named defendants was involved in that treatment. Accordingly, the court is inclined to dismiss the complaint with leave to amend.

Plaintiff is advised that this court's local rules require claimants to submit filings that are "clearly legible." Local Rule 130(b). The court is aware that many inmates do not have access to typewriters or computers. This does not, however, relieve them of their obligation to write legibly and organize their allegations in a cogent way.

**VI.    Leave to Amend**

Plaintiff may choose to file an amended complaint which observes the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of

procedural or factual background which has no bearing on his legal claims. **He should also take pains to ensure that his amended complaint is as legible as possible.** This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible. Subject headings, though not required, may be useful in informing the reader about the specific allegations against each defendant.

### VII. Summary of the Order

Your application to proceed in forma pauperis is being granted. You will not have to pay the entire filing fee up front.

The court is denying your motion on exhaustion of administrative remedies. The court cannot overlook failure to properly exhaust and, in any case, it will be defendants' burden to show that you have not exhausted. The court will not deal with the question of exhaustion at this stage.

The court is recommending denial of your motion for preliminary injunction for two reasons. First, defendants have not been served yet and it is not yet clear which defendants will ultimately be party to this action. Second, you have not supported your claims of irreparable harm with any specific facts or supporting evidence.

Your complaint is being dismissed because it is difficult to tell what your allegations are. A complaint should be short and well-organized. You do not have to cite cases or statutes in your complaint. The purpose of a complaint is simply to identify the defendants and explain what each one of them did to violate your rights.

You are being given an opportunity to amend. Your new complaint, if you choose to file one, should set out your claims in a way that is clear and easy to read.

### VIII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and

|   |   |
|---|---|
| 1 | Rehabilitation filed concurrently herewith. |
| 2 | 3. Plaintiff's motion re exhaust administrative remedies (ECF No. 4) is denied. |
| 3 | 4. The complaint is dismissed with leave to amend within 30 days of service of this |
| 4 | order. |
| 5 | 5. Failure to comply with this order may result in dismissal of this action. |
| 6 | 6. The Clerk of Court shall assign a district judge to this case. |

Further, it is HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 30, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE