UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER,<br><br>   Plaintiff,<br><br>   v.<br><br>N. MALAKKLA, et al.,<br><br>   Defendants. | No. 2:17-cv-1781 MCE AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. In conjunction with his complaint, plaintiff filed a motion for preliminary injunction which sought an order directing defendants to "provide relief of his pain [and] suffering" and to follow the course of treatment laid out by orthopedic surgeon John Casey. ECF No. 5 at 3. On August 30, 2017, the court recommended that plaintiff's motion for preliminary injunction be denied without prejudice. ECF No. 6 at 2-3. Plaintiff filed objections to that recommendation. ECF No. 11. Prior to filing those objections, however, he consented to the magistrate judge jurisdiction. ECF No. 10. Given that no defendant has yet been served, the court finds it appropriate to vacate its findings and recommendations issued on August 30 (ECF No. 6) and to adjudicate the preliminary injunction by order. See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to dismiss a prisoner's § 1983 action after prisoner consented to magistrate judge jurisdiction and no

defendant had yet been served).  The court will also vacate its order directing the Clerk of Court to assign a district judge to this case.  After reviewing plaintiff's objections and for the reasons stated below, the court will deny plaintiff's preliminary injunction without prejudice.

I. <u>Legal Standards</u>

"A preliminary injunction is an 'extraordinary and drastic remedy' . . . it is never awarded as of right." <u>Munaf v. Geren</u>, 553 U.S. 674, 689-90 (2008) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) and <u>Yakus v. United States</u>, 321 U.S. 414, 440 (1944)).  "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." <u>Sierra Forest Legacy v. Rey</u>, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing <u>L.A. Memorial Coliseum Comm'n v. NFL</u>, 634 F.2d 1197, 1200 (9th Cir.1980)).

In evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council</u>, 555 U.S. 7, 20 (2008); <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting <u>Winter</u>).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).  A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff, . . . assuming the other two elements of the *Winter* test are also met." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  An injunction against individuals who are not parties to the action is strongly disfavored.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).

Additionally, in cases brought by prisoners involving conditions of their confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

II.     Analysis

The court concludes that plaintiff's motion for preliminary injunction should be denied. Notice to the adverse party (or parties) is required before a motion for preliminary injunction may be granted. See Fed. R. Civ. P. 65(a)(1); see also Granny Goose Foods, Inc. v. Teamsters Local No. 70, 415 U.S. 423, 434 n.7 (1974). ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."). As noted in its previous order (ECF No. 6), service is not yet appropriate for any defendant in this case. Thus, plaintiff's motion for preliminary injunction is premature. Rather than allow the motion to sit pending until service is accomplished, the court will dismiss the motion without prejudice to renewal at a later date.

While a preliminary injunction pursuant to Rule 65(a) requires notice, a temporary restraining order may be granted without notice to the adverse party or its counsel where: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's certifies in writing any efforts made to give notice and the reasons why it should not be required. See Fed. R. Civ. P. 65(b). Although plaintiff has explicitly categorized his pending motion as one for preliminary injunction under Rule 65(a) (ECF No. 5 at 1), in light of his pro se status the court will also consider the propriety of a temporary restraining order. The Winter factors identified above apply with equal measure to the issuance of a temporary restraining order. See Gonzalez v. Wells Fargo Bank, No. 5:12-cv-03842, 2012 U.S. Dist. LEXIS 118355, 2012 WL 3627820, at *1 (N.D. Cal. Aug. 21, 2012) ("The standard for issuing a TRO is the same as that for the issuance of preliminary injunction.").

The court concludes that issuance of a temporary restraining order is also inappropriate at this time. First, plaintiff has failed to establish that he will suffer irreparable harm if immediate injunctive relief does not issue. Although he has alleged various shortcomings in his medical care, there is no medical evidence before the court which indicates that the failure to immediately implement Dr. Casey's treatment plan will irreparably damage plaintiff's health. The medical records attached to plaintiff's objections, while describing the rationale for right and left "total hip

3

arthroplasty" (ECF No. 11 at 11-12), do not evince any medical urgency or describe the consequences of failing to quickly undertake the recommended procedures. Next, defendants have not yet been served or required to respond to plaintiff's allegations and, consequently, the court is unable to determine whether plaintiff is likely to succeed on the merits of his claims. Finally, the court finds that neither the balance of equities nor the public interest weigh in favor of granting injunctive relief at this early stage. Courts should intrude into prison administration only as far as necessary to protect inmates' constitutional rights. See Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003). And mandatory injunctions – injunctions which compel a party to act as opposed to refrain from acting – are disfavored. See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1980)). Here, plaintiff would have the court undertake a significant intrusion into prison administration by ordering medical staff to undertake a specific course of treatment. The severity of the proposed intrusion is compounded by the fact that defendants have not had a chance to be heard on this issue. In light of the circumstances, the court concludes that a temporary restraining order would be appropriate only in the face of overwhelming medical evidence demonstrating the immediate necessity of Casey's proposed treatment. Plaintiff has not provided such evidence and his motion will be denied.

### III. Conclusion

In light of the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations regarding plaintiff's preliminary injunction submitted on August 30, 2017 (ECF No. 6) are VACATED;

2. In light of plaintiff's consent to magistrate judge jurisdiction (ECF No. 10), the court's order that a district judge be assigned to this case (ECF No. 6) is also VACATED;

3. The Clerk of Court shall update the docket to reflect that this case is assigned to the undersigned; and

////

////

////

4. Plaintiff's motion for preliminary injunction (ECF No. 5) is DENIED without prejudice.

IT IS SO ORDERED.

DATED: September 14, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE