1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MORRIS MESTER,                          No.  2:17-cv-1781 AC P

12                      Plaintiff,

13          v.                                 ORDER

14    N. MALAKKLA, et al.,

15                      Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought

18    under 42 U.S.C. § 1983.  On February 6, 2018, plaintiff filed a "request for defendants to be

19    served" (ECF No. 16), and on February 20, 2018, plaintiff filed a second motion for preliminary

20    injunction (ECF No. 17).  Because there is no operative complaint presently before the court, the

21    request for service will be denied, and the motion for a preliminary injunction will be vacated.

22    Plaintiff will also be provided with additional information about how to amend his complaint and,

23    under separate order, be given a new deadline for doing so.

24    I.     PROCEDURAL BACKGROUND

25          On August 25, 2017, plaintiff filed a civil rights complaint in this court.  ECF No. 1.  The

26    complaint was difficult to read, and it failed to clearly indicate how each named defendant

27    violated plaintiff's rights as they treated him for his hip and pain problems.  See generally ECF

28    No. 1; see also ECF No. 6 at 4-5, 7 (court order stating it is not readily apparent how each named

1  defendant in initial complaint was involved in plaintiff's medical treatment for his hip).  As a

2  result, on August 30, 2017, the court dismissed the complaint with leave to amend.  See ECF No.

3  6 at 6-7.

4          On September 6, 2017, plaintiff filed a "supplement to complaint."  ECF No. 9.  The four-

5  page supplement, however, adds nothing new and fails to remedy plaintiff's clarity and linkage

6  problems.  See generally id.  It simply appears to reassert plaintiff's claims of unjustifiable delay

7  in providing hip surgery and unjustifiable suffering due to failure to provide plaintiff with pain

8  medication.  See id.  Therefore, at this point, there remains no operative complaint before the

9  court.

10 II.      MOTION FOR PRELIMINARY INJUNCTION

11         The instant preliminary injunction motion (ECF No. 17) is plaintiff's second request that a

12 preliminary injunction issue.  See ECF No. 5 (plaintiff's first motion for preliminary injunction,

13 filed August 2017).  The court's September 2017 order denying the first motion informed plaintiff

14 that a preliminary injunction could not issue until notice was given to defendants and that service

15 was not appropriate at that time for any defendant.  See ECF No. 13 at 3 (citing to Fed. R. Civ. P.

16 65(a)(1) and Granny Goose Foods, Inc. v. Teamsters Local No. 70, 415 U.S. 423, 434 n.7

17 (1974)).  The court further determined that waiver of the notice requirement via the issuance of a

18 temporary restraining order was also not in order because plaintiff had not clearly shown that

19 immediate and irreparable injury, loss or damage would result to plaintiff, and again, because

20 defendants had yet to be served or required to respond to plaintiff's allegations.  See ECF No. 13

21 at 3-4.

22         This court is unable to issue an order against individuals who are not parties to a suit

23 pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

24 Service is not yet appropriate because plaintiff still has not clearly linked the alleged violations of

25 constitutional right to each defendant named in an amended complaint.  See Jones v. Williams,

26 297 F.3d 930, 934 (9th Cir. 2002) (requiring plaintiff bringing individual capacity claim to

27 demonstrate each defendant personally participated in deprivation of right); see also Monell v.

28 Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978) (requiring actual link between actions of

defendants and deprivation alleged to have been suffered). Accordingly, once again, the court cannot reach the question of whether plaintiff has met the criteria necessary for a grant of preliminary injunctive relief as outlined in <u>Martin v. International Olympic Comm.</u>, 740 F.2d 670 (9th Cir. 1984).

For these reasons, plaintiff's motion for preliminary injunction (ECF No. 17) will be vacated as premature. Under separate order, plaintiff will be directed to file an amended complaint. Once plaintiff has adequately identified the defendants and cognizable claims in a cohesive and concise amended complaint and defendants have been properly served, plaintiff may file another motion for preliminary injunction if he believes it is necessary.

III. <u>REQUEST THAT DEFENDANTS BE SERVED</u>

In plaintiff's request for defendants to be served (ECF No. 16), he states that defendants need to be served and this case should "move forward" because his degenerative bilateral hip condition has worsened, preventing him from walking and sleeping as well as from participating in classes due to pain and fatigue. <u>See id.</u> at 1-2. Again, this case has not "moved forward" and defendants have not been served because plaintiff has failed to file an amended complaint that clearly identifies all defendants and links the actions of individual defendants to specific causes of action. <u>See generally</u> ECF Nos. 1, 9. For this reason, plaintiff's request that defendants be served (ECF No. 16) is premature and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request that defendants be served (ECF No. 16) is DENIED, and

2. Plaintiff's motion for a preliminary injunction (ECF No. 17) is VACATED.

By separate order, plaintiff will be given a second and final opportunity to file an amended complaint and a deadline for doing so.

DATED: May 24, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3