UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER, | No. 2:17-cv-1781 AC P |
| Plaintiff, | |
| v. | ORDER |
| N. MALAKKLA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. On August 30, 2017, the court dismissed plaintiff's complaint with leave to amend.[1] ECF No. 6 at 7. On September 6, 2017, plaintiff filed a "supplement to complaint" ("supplement"). ECF No. 9. The supplement, four pages in length, did not amend the complaint. Instead, it referred back to the complaint and simply reiterated its general allegations related to defendants' treatment of plaintiff's degenerative hip condition and related pain. See generally id. For the reasons stated below, plaintiff will be given a second opportunity to file a first amended complaint.

I. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a

---

[1] The order was later vacated in part with respect to plaintiff's preliminary injunction request and the assignment of a district judge to the case. See ECF No. 13.

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

## II. PLEADING STANDARD

### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., of the City of New York, 436 U.S. 658, 691, 695 (1978) (mandating actual connection or link between actions of defendants and deprivation alleged to have been suffered by plaintiff).

C. Official Capacity Suits

A suit against a state officer in his official capacity is a suit against the state. Diamond v. Charles, 476 U.S. 54, 57 n.2 (1986) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). The Eleventh Amendment bars federal suits for violations of federal law against state officials sued in their official capacities for damages and other retroactive relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332, 337 (1979); Pena v. Gardener, 976 F.2d 469, 472 (9th Cir. 1992); see also Hafer v. Melo, 502 U.S. 21, 27 (1991) (stating state officers sued for damages in their official capacities are not "persons" for purposes of suit because they assume identity of government that employs them).

III. PLAINTIFF'S ALLEGATIONS

A. Overview

Plaintiff is an inmate housed at the California Health Care Facility ("CHCF") in Stockton, California. In his initial complaint, he names Dr. N. Malakkla, Chief Medical Officer; Dr. John Krpan, D.O., a primary care physician; Dr. A. Adams, Chief Executive Officer; Dr. Paik,[2] M.D.

---

[2] Throughout the complaint, plaintiff refers to a "Dr. Pike" as well as a "Dr. Paik." See, e.g., ECF No. 1 at 2, 5, 7, 54, 61, 63, 64. However, a review of the medical records accompanying the

3

and former primary care physician; Dr. Lwin, M.D., and Dr. Huu Nguyen as defendants. See ECF No. 1 at 1-2. Later in the complaint, plaintiff also identifies Dr. James Williamson and Dr. Howard Church as defendants. See id. at 11. He would like to sue some of them in both their individual and official capacities and others solely in their individual capacities. See id. at 2, 11.

Although plaintiff's complaint is convoluted, a second review of it leads the court to find that plaintiff is alleging that his rights under the Eighth Amendment have been violated. Specifically, plaintiff alleges that all the named defendants have demonstrated deliberate indifference to his serious medical need, by (1) unjustifiably delaying and/or failing to approve hip surgery recommended as early as 2011 by three different orthopedic specialists, and/or (2) failing to provide plaintiff with adequate pain management options while awaiting the surgery. See generally ECF No. 1 at 1, 4-12.

Plaintiff seeks a declaratory judgment and compensatory damages from each defendant in the amount of $250,000.00, as well as punitive damages from each defendant. See ECF No. 1 at 4, 11. Plaintiff also requests a jury trial on all issues triable by jury as well as any other relief the court deems just, proper and equitable. See id.

B.   Facts Alleged in Support of Claims

Plaintiff contends that he has been diagnosed with advanced bone-on-bone bilateral degenerative hip disease and that three consultations with orthopedic specialists, the first of which was in March 2011,[3] have yielded recommendations that he have, at minimum, a total replacement of his right hip. See ECF No. 1 at 4. Since that time, plaintiff states that he has been in acute, chronic pain due to his hip disease, severe back pain, and polyneuropathy, and other

---

complaint indicates that these are likely the same person, and that the correct spelling of the individual's last name is "Paik." See id. at 16 (physician referring to a "Dr. Young Paik"). Therefore, the court will refer to the individual as "Dr. Paik" throughout this order. If the presumption is not correct, and these are in fact two different people, plaintiff is to clarify this in his amended complaint and identify which constitutional violations each individual is alleged to have committed.

[3] It appears that plaintiff's March 2011 diagnosis and recommendation were given prior to plaintiff being transferred to CHCF. See ECF No. 1 at 4. They were made by Dr. Marshall S. Lewis, an orthopedic surgeon. See id. at 4, 14-16. Hip replacement was denied by prison officials at that time. See id. at 4. Thereafter, in September 2014, plaintiff was transferred to CHCF. See id.

4

ailments. See id. Plaintiff further asserts that despite his pain and numerous trips to the emergency room, he has been treated with less effective medication like Tylenol with codeine, Motrin, Toradol, or with nothing at all. See ECF No. 1 at 5. No narcotics have been given to him despite the severity of his pain. See id.

### 1. October 2014 – September 2015

Plaintiff alleges that in October 2014, prison doctors minimized his "acute chronic change" in back pain. See ECF No. 1 at 9-10. Although he was rushed to the hospital at that time due to his pain, Dr. James Williamson and Dr. Howard Church directed that plaintiff was not to receive narcotics. See id. at 10, 27. Plaintiff believes this was done to punish him and single him out for mistreatment. See id. at 10.

Plaintiff also alleges that he has had allergic reactions to some of the prescribed, less effective medication. See id. He states that in September 2015, Dr. Paik and the pain management committee insisted that he take Tylenol with codeine to manage his pain. See ECF No. 1 at 5. Plaintiff told them that he was allergic to that medication, but they insisted that he take it before they prescribed him anything else. See id. After a week of taking it, plaintiff had a severe reaction and was rushed to the hospital. See id. at 5-6. To this day, plaintiff asserts, the doctors at CHCF refuse to acknowledge that plaintiff is allergic to Tylenol with codeine. See id. at 6.

### 2. May 2016 – February 2017

Plaintiff alleges that a May 2016 consultation with a second orthopedic surgeon yielded another recommendation that plaintiff have hip surgery. See id. at 7. Thereafter, Dr. Malakkla required plaintiff to consult with Dr. Gabriel Williams prior to receiving the surgery. See id. However, plaintiff refused to consult with Dr. Williams because he was suing Dr. Williams at the time, and therefore believed that the consultation created a "conflict of interest." See id. As a result, plaintiff alleges he was left in severe pain and suffering for another eleven months without pain medication. See ECF No. 1 at 7-8.

Plaintiff further alleges that despite knowing that he was allergic to Tylenol with codeine, Dr. Nguyen prescribed it for him in February 2017, to take four times a day. See id. at 6. In a

subsequent visit to the ER in June 2017, despite plaintiff's protests, Dr. Lwin also prescribed a twice a day Tylenol regimen to plaintiff. See id. When plaintiff eventually took the Tylenol because he was in so much pain, he had a serious adverse reaction. His hands became swollen and he fell ill. See id. The emergency room was called, but no one from emergemcy services ever came to attend to him. See id. Plaintiff asserts that Dr. Nguyen's and Dr. Lwin's course of treatment constituted a conscious disregard of an excessive risk to plaintiff's health. See id. at 7.

### 3. March 2017 – July 2017

Plaintiff alleges that in March 2017, Dr. Krpan reviewed the recommendation that plaintiff have surgery. See ECF No. 1 at 10. In response, Dr. Krpan refused to submit the documents for surgery and instead recommended that plaintiff receive physical therapy first. See id. According to plaintiff, this was the second time that Drs. Krpan, Malakkla, and Adams did not follow the hip replacement recommendations of an orthopedic surgeon and denied him pain management prior to surgery. See ECF No. 1 at 10-11. Plaintiff asserts that this was another unjustified surgery delay that caused him physical and mental pain and suffering and put his health at risk. See id. at 11.

On April 25, 2017, plaintiff had a third outside consultation at San Joaquin General Hospital with orthopedic surgeon John Casey. See ECF No. 1 at 8. Dr. Casey conducted a full, in-person examination of plaintiff. See id. at 8, 19-20. He then recommended bilateral hip replacement and "norco pain medication" every six hours until plaintiff had the surgery. See id. Drs. Malakkla and Adams "denied" these recommendations, and in May 2017, Dr. Krpan told plaintiff he would not follow the pain medication recommendation and that plaintiff would not receive any pain medication until after the surgery. See id. at 8, 50. Dr. Krpan also recommended not to refer plaintiff for hip surgery and instead referred plaintiff to Dr. Williams for potential surgery. See id. at 8. This unnecessarily delayed plaintiff's surgery. See id.

On July 9, 2017, a doctor saw plaintiff and prescribed him 15 mg of morphine twice a day for his pain. See ECF No. 1 at 8-9. However, because plaintiff has hepatitis C, he was unable to take it or methadone as both cause severe reactions in him. See id. at 9. Plaintiff contends that

////

there are other narcotics for acute pain that could be prescribed to him, but he is being treated differently than other patients. See id.

### 4. Plaintiff's Conclusions

Plaintiff asserts that the delay in his hip replacement surgery violates the Constitution because the delay is medically unjustified and likely to make the problem worse. See ECF No. 1 at 11. He further contends that physical therapy and hip injections were only temporary treatments to determine whether surgery was necessary. He also argues that because physical therapy at this point is "totally obsolete," and has "no bearing or significance," the delay of his hip surgery is unjustified. See id. at 12.

## IV. APPLICABLE LAW: EIGHTH AMENDMENT DELIBERATE INDIFFERENCE

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). This first requirement is satisfied by "demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1081 (9th Cir. 2013).

Second, the prison official must have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834 (internal quotation marks and citations omitted). This second prong is "satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Lemire, 726 F.3d at 1081; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett, 439 F.3d at 1096 (quoting Hutchinson v. United

States, 838 F.2d 390, 394 (9th Cir. 1988)); accord, Lemire, 726 F.3d at 1081; Wilhelm, 680 F.3d at 1122.

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See id. at 844–45; see also Simmons v. Navajo Cty Ariz. 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference). Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. See Farmer, 511 U.S. at 835. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. Lemire, 726 F.3d at 1082 (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

V. DISCUSSION

The facts plaintiff has provided appear to allege two distinct Eighth Amendment violations by the CHCF defendants: (1) deliberate indifference to plaintiff's serious medical need by failing to schedule and provide specialist-recommended hip surgery over an extended period of time since 2014, and (2) deliberate indifference to plaintiff's serious medical need by failing to provide him with adequate medication to effectively manage his hip and back pain while awaiting hip surgery. The court examines the alleged actions of each defendant under these two rubrics.

  A. Deliberate Indifference: Failure to Prescribe Plaintiff Effective Pain Medication

    1. Dr. James Williamson and Dr. Howard Church

Plaintiff's allegations that Dr. Williamson and Dr. Church failed to prescribe narcotic pain medication in October 2014 (see ECF No. 1 at 9-10) fail to state a claim under the Eighth Amendment. Plaintiff's disagreement with his doctors about the appropriate medication regime does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). The complaint contains no facts which, if true, would demonstrate that the course of pain treatment the doctors chose was "medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). The relevant circumstances in this case, which are documented in the exhibits to the complaint, include the

facts that plaintiff was prescribed Baclofen, Toradol and another medication at the time, and that prison medical staff considered narcotics inappropriate because of plaintiff's history of opiate abuse and the belief that he was engaging in drug seeking behavior. See ECF No. 1 at 27.[4] Even if the defendants were wrong about plaintiff's history and/or intentions, such error would constitute negligence at most. Negligence is insufficient to support an Eighth Amendment claim as a matter of law. Farmer, 511 U.S. at 835.

Moreover, the complaint does not allege facts which, if true, would establish that Drs. Williamson and Church knew that their failure to prescribe narcotic drugs would cause harm or that it did so. See Lemaire, 726 F.3d at 1081 (defendant's conduct must cause significant injury or wanton infliction of pain). Finally, plaintiff provides no specific factual allegations to support his assertion that defendants denied him effective pain relief in order to punish him and single him out for mistreatment. See ECF No. 1 at 9-10.

For all these reasons, plaintiff's allegations fail to state a claim against Drs. Williamson and Church regarding the treatment of his pain in October 2014. This claim is subject to dismissal as pleaded, but plaintiff will be provided the option to amend.

                2.        Dr. Paik, Dr. Nguyen and Dr. Lwin

Plaintiff's allegations that Dr. Paik, Dr. Nguyen, and Dr. Lwin required that he take a medication to which he had had allergic reactions in the past, and to which they knew he was allergic (see ECF No. 1 at 5-7), states a claim for deliberate indifference. See Estelle, 429 U.S. at 104 n.10 (pointing to administration of penicillin with knowledge plaintiff was allergic as example of deliberate indifference) (citation omitted); see also Beaver v. Western State Hosp., No. 10-35583, 2011 WL 5188991, at *639 (9th Cir. Nov. 2, 2011) (knowing prescription of medication to which plaintiff was allergic was sufficient to allege violation constitutional right); see also Actkinson v. Vargo, No. 06-35367, 2008 WL 2607927, at *472 (9th Cir. July 2, 2008)

---

[4] Additionally, the March 2014 visit notes of a Dr. Gregory LeBleu indicate that in the past, plaintiff had been treated with a number of medications and that those available to treat plaintiff's pain were limited. See ECF No. 1 at 33-34. Finally, plaintiff admits that when prescribed morphine twice a day in July 2017, he was unable to continue with the treatment protocol, nor was he able to take methadone because both, which are narcotics, elicit severe reactions in him such as vomiting, diarrhea, drowsiness and swelling. See ECF No. 1 at 9.

9

(prescription of medication to which plaintiff was allergic raises triable issue of fact as to whether physician should have known plaintiff's rights were being violated). Consequently, plaintiff has presented cognizable deliberate indifference claims against Dr. Paik, Dr. Nguyen and Dr. Lwin for prescribing him medication to which he is allergic and/or has adverse reactions. Defendants Dr. Paik, Dr. Nguyen, and Dr. Lwin will be required to respond to this claim.

### 3. Dr. Malakkla, Dr. Krpan and Dr. Adams

Plaintiff's Eighth Amendment claims against Dr. Malakkla, Dr. Krpan and Dr. Adams, predicated on inadequate pain management in March 2017 and April 2017 prior to hip surgery (see ECF No. 1 at 8, 10-11), fail for the same reasons as the claims against Drs. Williamson and Church for denial of narcotic pain medication in 2014. Plaintiff alleges that Dr. Malakkla, Dr. Krpan and Dr. Adams failed to follow the surgeon's recommendation for Norco. However, a difference of opinion among medical professionals does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1059-60. Plaintiff's own disagreement with the doctors' decisions cannot support relief. Id. at 1058. Moreover, the medical records attached to the complaint fail to support the contention that these defendants denied plaintiff all treatment for his pain.[5]

For all these reasons, this claim is subject to dismissal as pleaded. Plaintiff will, however, be provided the option to amend.

### B. Deliberate Indifference: Failure to Schedule and/or Perform Plaintiff's Hip Surgery

Plaintiff claims that his Eighth Amendment rights were violated by (1) Dr. Malakkla's May 2016 requirement and Dr. Krpan's May 2017 requirement that plaintiff consult with Dr. Williams prior to having hip surgery; (2) Dr. Krpan's March 2017 requirement that plaintiff participate in physical therapy prior to having hip surgery, and (3) Dr. Malakkla and Dr. Adams'

---

[5] Although the May 2017 document attached to Dr. Krpan's March 2017 notes excluded opiate narcotics as a treatment option for plaintiff, the document also indicates that a trial of Cymbalta was to be recommended to plaintiff instead to help him manage his pain and that the seven physicians present during the discussion all agreed on this treatment plan. See ECF No. 1 at 29.

failure to comply with Dr. Casey's April 2017 recommendation that plaintiff receive hip surgery. See ECF No. 1 at 7-8, 10-11. These allegations fail to state a claim upon which relief may be granted. This is because Drs. Malakkla, Adams and Krpan did not outright deny plaintiff's hip surgery. They simply required that plaintiff take additional, possibly mitigative steps in his treatment prior to scheduling his surgery.

Plaintiff's beliefs that consulting with Dr. Williams created a "strong conflict" and thus, was an "unnecessary delay" (see ECF No. 1 at 7-8), and that participating in physical therapy prior to having the surgery was "unjustified" and has "no bearing or significance" to his case (id. at 8, 10, 12), are irrelevant and do not support relief. Similarly, plaintiff 's disagreement with the physicians' decision not to follow Dr. Casey's surgery and medication recommendations does not demonstrate deliberate indifference. See Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014).

To state a claim for deliberate indifference claim related to treatment, plaintiff must show that the courses of treatment defendants chose were medically unacceptable under the circumstances. Colwell, 763 F.3d at 1068; Jackson, 90 F.3d at 332. The complaint contains no specific allegations of fact which would support such a showing here.

Finally, the complaint and exhibits indicate that plaintiff refused the consultation with Dr. Williams, and refused to do physical therapy, both of which were required prior to receiving hip surgery. See ECF No. 1 at 7, 11-12, 30-31. Plaintiff contends that he was "in severe pain" and experienced "suffering due to an unnecessary delay of surgery." See ECF No. 1 at 7-8, 11-12. However, a prisoner has no right to refuse treatment and then claim deliberate indifference to his medical condition. Lipsey v. Samaniego, No. 1:17-cv-01703 MJS PC, 2018 WL 500576, at *5 (E.D. Cal. Jan. 22, 2018) (citing to McNeil v. Singh, No. 1:12-cv-01005 RRB, 2013 WL 1876127, at *19 n.59 (E.D. Cal. May 3, 2013)). Accordingly, the allegations that Dr. Malakkla, Dr. Krpan and Dr. Adams prevented necessary hip surgery fail to state a claim for deliberate indifference to plaintiff's serious medical need.

For all these reasons, this claim is subject to dismissal as pleaded. Plaintiff will, however, be provided the option to amend.

C. Suits in Official Capacities; Declaratory Relief

Plaintiff has stated that he would like to sue some of the named defendants in their official capacities and that he seeks monetary damages from them. See ECF No. 1 at 2, 4, 11. Suits for damages must be brought against state actors in their individual capacities, otherwise they are barred by the Eleventh Amendment. See Will, 491 U.S. at 71; Quern, 440 U.S. at 337. State officials are properly sued in their official capacity only when plaintiff seeks prospective injunctive relief, and the named defendant is the state official who is in a position to provide the relief. Will, 491 U.S. at 71 n. 10. The complaint does not seek prospective injunctive relief. ECF No. 1 at 4. Accordingly, the court construes the complaint as suing all defendants in their individual capacities only.

To the extent plaintiff seeks declaratory relief, see id., plaintiff is informed that a federal court is not empowered to issue retrospective declaratory relief with respect to allegedly unconstitutional conduct that has ended. See National Audubon Society, Inc. v. Davis, 703 F.3d 835, 847-48 (9th Cir. 2002); see also Los Angeles Cty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992) (stating declaratory relief against state official may not be premised on wholly past violation of federal law).

VI. LEAVE TO AMEND

A. Plaintiff's Options for Proceeding

In sum, the court finds that plaintiff has stated cognizable claims against Dr. Paik, Dr. Nguyen and Dr. Lwin. As a result, plaintiff will be permitted to proceed with his claims against them in their individual capacities. Plaintiff has not, however, stated cognizable claims against defendants Williamson, Church, Malakkla, Krpan and Adams. Accordingly, plaintiff is being given the following options: Plaintiff may either: (1) proceed immediately on his claims against defendants Paik, Nguyen and Lwin, and voluntarily withdraw all other non-viable claims, or (2) try to amend the complaint to state viable claims against the other defendants.

If plaintiff wishes to proceed without amending the complaint, the court will recommend that defendants Williamson, Church, Malakkla, Krpan and Adams as well as the claims against them be dismissed. If, however, plaintiff chooses to amend the complaint, it must include all

claims and requests for relief that he wishes to make, <u>including</u> the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **In other words, any claims not in the amended complaint will not be considered.**[6] In the amended complaint, if plaintiff includes the same claims and requests for relief which the court has already determined are not viable, he can expect that the court will recommend that they be dismissed.

      Plaintiff must complete the attached notification indicating which option he chooses to pursue and return it to the court.  Once the court receives the notice, it will issue an order telling plaintiff what he needs to do next (e.g., file an amended complaint or complete and return service paperwork).

      B.      <u>Format of Amended Complaint</u>

      If plaintiff chooses to amend the complaint, the court provides the following information as a guide:

      Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

      It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

      Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. <u>See</u> <u>Rhodes v. Robinson</u>, 621

---

[6] However, should plaintiff choose to amend the complaint, the court will direct the Clerk of Court to attach the exhibits that were filed with plaintiff's original complaint with plaintiff's amended complaint.

13

F.3d 1002, 1005 (9th Cir. 2010) (stating amended complaint supersedes original, the latter being treated thereafter as non-existent) (citation omitted); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten, and plaintiff would do well to avoid them wherever possible. See, e.g., Fed. R. Civ. Proc. 10(b) (indicating claims must be stated in numbered paragraphs).

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your original complaint and the supplement that you filed did not clearly identify, in an organized way, precisely what your claims were and against whom. The court has made a considerable effort to try to identify the claims you have attempted to bring. The court concludes that you have attempted to allege deliberate indifference by the defendants to your serious medical needs, in violation of the Eighth Amendment, by delaying and/or failing to approve hip surgery as recommended in 2011, and by failing to provide you with adequate pain management options.

The facts you have alleged support a claim against Dr. Paik, Dr. Nguyen and Dr. Lwin for prescribing medication to which you are allergic. All your other allegations against all the other defendants fail to state a claim under the Eighth Amendment.

You have a choice how to proceed. If you wish, you can serve defendants Paik, Nguyen and Lwin now and proceed on that claim alone, voluntarily withdrawing all other claims. Or, you can try to amend the complaint to state viable claims against defendants Williamson, Church, Malakkla, Krpan and Adams.

If you choose to file an amended complaint, it must include all claims and requests for relief, including those the court has already determined are viable. The amended complaint
////

14

must not refer back to your previously filed pleadings. It must be a full and complete document that stands on its own.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is being given a final opportunity to amend his complaint;

2. Within 14 days from the date of service of this order, plaintiff is to fill out and file the attached "Plaintiff's Notice on How to Proceed" form with the court indicating how he wishes to proceed in this matter;

3. If plaintiff chooses to amend the complaint, within thirty days from the date of service of this order, plaintiff may file a first amended complaint that complies with the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case, and it must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 24, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. MALAKKLA, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-1781 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

CHECK ONE:

_____ Plaintiff would like to proceed immediately on his Eighth Amendment claims against defendants Paik, Nguyen and Lwin without amending the complaint. By choosing to go forward without amending the complaint, plaintiff consents to the dismissal without prejudice of defendants Williamson, Church, Malakkla, Krpan and Adams and the claims against them.

_____ Plaintiff would like to amend the complaint.

DATED: _____

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Morris Mester
　　　　　　　　　　　　　　　　　Plaintiff Pro Se