UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER,<br><br>Plaintiff,<br><br>v.<br><br>N. MALAKKLA, et al.,<br><br>Defendants. | No. 2:17-cv-1781 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the court are plaintiff's multiple requests to amend his complaint (ECF Nos. 32, 34, 35), a request to merge a separate action with the instant one (ECF No. 36), and a request to direct defendants to reply to his complaint (ECF No. 37). For the reasons stated below, the court will deny plaintiff's requests to amend as moot. Plaintiff's request to merge a separate matter with this one will also be denied as moot. In addition, the court will deny as premature plaintiff's request to direct defendants to file a reply to his complaint. Finally, under separate order, the court shall direct the United States Marshal's Office to serve the complaint on defendants.

////

I. RELEVANT FACTS

On August 25, 2017, plaintiff filed a complaint and a motion for preliminary injunction. ECF Nos. 1, 5. On August 30, 2017, the court screened the complaint, and plaintiff was given the opportunity to amend it. See ECF No. 6. Thereafter, over the next several months, plaintiff filed, and the court addressed, multiple motions and requests that were unrelated to the complaint (see ECF Nos. 11, 12, 14, 16, 17) as well as a deficient "supplement" to the complaint (see ECF No. 9).

Eventually, on May 25, 2018, the court re-screened the complaint. See ECF No. 19. At that time, the court gave plaintiff the choice of either amending it a final time or proceeding with the current one. See id. at 16-17. On June 4, 2018, plaintiff filed notice with the court of his intent not to amend the complaint and to instead proceed with the instant one. See ECF No. 21. Thereafter, on June 25, 2018, the court ordered plaintiff to submit the requisite service documents and copies of the complaint to the court. ECF No. 27. After filing an inadequate series of documents the first time (see ECF Nos. 28, 30), plaintiff eventually filed the appropriate documents on July 18, 2018 (see ECF No. 31).

Shortly thereafter, over the next two months, plaintiff filed the first of several requests to amend his complaint. See ECF Nos. 32, 34, 35. On December 4, 2018, plaintiff also filed the instant request to consolidate this action with Mester v. Church, No. 2:18-cv-2456 KJM EFB P ("Church"), which had also been filed in this court. See ECF No. 36. On January 31, 2019, plaintiff filed a request that the court order defendants to reply to his complaint. ECF No. 37.

II. DISCUSSION

A. Plaintiff's Requests to Amend

Plaintiff's July and September 2018 requests to amend (ECF Nos. 32, 34, 35) will be denied for several reasons. First, parties are typically given one opportunity to amend a complaint. See Fed. R. Civ. P. 15(a)(1)(A), (2). Plaintiff has already been given the opportunity to amend on two separate occasions. See ECF Nos. 6, 19.

Second, on June 4, 2018, plaintiff informed the court that he wished to proceed with the instant complaint and not to amend it. See ECF No. 21. Considerations of judicial efficiency

1  lean toward holding plaintiff to this choice. See Fed. R. Civ. P. 1 (stating court has interest in
2  just, speedy and inexpensive determination of every action and proceeding); see also
3  Phenylpropanolamine, 460 F.3d at 1227 (stating orderly and expeditious resolution of disputes is
4  of great importance to rule of law and delay in reaching merits is costly in money, memory,
5  manageability, and confidence in process).
6       Third, after filing the requests to amend, on January 31, 2019, plaintiff filed another
7  document stating that he would like to move forward with the claims the court had already
8  determined were cognizable, instead of amending the complaint again. See ECF No. 37. For
9  these reasons, the court will deny plaintiff's motions to amend as moot.
10      Even if plaintiff had not effectively withdrawn his requests to amend, amendment would
11 be inappropriate because the claims plaintiff had wished to add to his complaint are not
12 cognizable. In the two proffered claims, plaintiff alleges cruel and unusual punishment,
13 deliberate indifference, and/or retaliation against two additional defendants on the grounds that on
14 singular, unrelated occasions: (1) plaintiff was denied methadone and left only with Motrin for
15 pain management after he refused to take his methadone prescription earlier that day (see ECF
16 No. 32 at 1-3), and (2) he was prescribed a lidocaine patch for his pain "instead of a more
17 compatible opioid" and had a negative reaction which was consistent with the warnings on the
18 prescription label (see ECF No. 34 at 1-3). These incidents are unrelated to the claims plaintiff
19 has stated against the currently named defendants, and do not arise out of the same facts. While
20 leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate,
21 distinct, and new cause of action. See Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400,
22 402 (9th Cir. 1997) (per curiam) (internal citations and quotations omitted).
23      Moreover, even if these were not separate causes of action, these claims challenge courses
24 of treatment chosen by medical professionals. A difference of opinion between a physician and a
25 prisoner concerning what medical care is appropriate does not amount to deliberate indifference.
26 See Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014) (citation omitted). Rather, to
27 establish deliberate indifference, a plaintiff must show that that the course of treatment the
28 doctors chose was medically unacceptable under the circumstances and that they chose the course

in conscious disregard of an excessive risk to the plaintiff's health.  See Jackson v. McIntosh, 90 F. 3d 330, 332 (9th Cir. 1996).  The facts plaintiff has presented do not do this.

For all these reasons, leave to amend will be denied.

### B. Plaintiff's Request to Consolidate Cases

Plaintiff seeks consolidation of this action with Church, supra.  Review of the record in Church indicates that plaintiff filed a notice of voluntary dismissal on December 4, 2018, and the case was closed three days later.  See Church, ECF Nos. 11, 12.  Because Church has been closed, it cannot be consolidated with the instant action.

### C. Plaintiff's Request that Defendants Be Ordered to Reply

Plaintiff's January 2019 request that defendants be ordered to file a response to his complaint shall also be denied.  Defendants have yet to be served with plaintiff's complaint.  As a result, this request is premature and will be denied as such.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests to amend his complaint (see ECF Nos. 32, 34, 35) are DENIED as moot;

2. Plaintiff's December 4, 2018 request to merge Mester v. Church, No. 2:18-cv-2456 KJM EFB P with this action (ECF No. 36) is DENIED as moot, and

3. Plaintiff's January 31, 2019 request that defendants be ordered to file a response to his complaint (ECF No. 37), is DENIED as premature.

DATED: June 3, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4