UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER, | No. 2:17-cv-1781 JAM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| N. MALAKKLA, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on August 30, 2017. See ECF No. 6. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 5, 2019, defendants filed a motion to revoke plaintiff's in forma pauperis status on the grounds that plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). See ECF No. 41. On October 2, 2019, plaintiff filed a motion for sanctions, dismissal or an entry of default. ECF No. 54. For the reasons stated below, the undersigned recommends that defendants' motion to revoke plaintiff's in forma pauperis status be granted, and that plaintiff be ordered to pay the filing fee prior to proceeding any further with this action. The undersigned shall also recommend that plaintiff's motion for sanctions, dismissal or an entry of default be denied as premature.

I. APPLICABLE LAW

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

II. SECTION 1915(G) "STRIKE" CASES

Defendants identify three cases of plaintiff's that were fully adjudicated prior to the filing of the instant action and that constitute strikes under 28 U.S.C. § 1915(g):

- Mester v. Dickinson, No. 2:09-cv-3307 KJM KJN, (E.D. Cal. Jan. 29, 2013) ("Dickinson");
- Mester v. Sacks, No. 07-16841, (9th Cir. Mar. 20, 2008) ("Sacks"), and
- Mester v. Paramo, No. 13-55501, (9th Cir. May 29, 2013) ("Paramo").[1]

See ECF No. 41 at 5-6. Defendants argue that because these cases are strikes and because plaintiff did not make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed the instant complaint, plaintiff's in forma pauperis status should be revoked, and he should be required to pay the filing fee prior to proceeding any further with this action. See id. at 6-9.

---

[1] The court takes judicial notice of the court records filed in support of their motion to revoke plaintiff's in forma pauperis status.

III. DISCUSSION

   A. The Cases Identified by Defendants Constitute Strikes

The undersigned has reviewed each of the cases identified by defendants, and it finds as discussed below that each one constitutes a strike within the meaning of Section 1915(g). As a result, plaintiff may not continue to proceed in forma pauperis. Instead, his in forma pauperis status must be revoked, and he must be ordered to pay the filing fee prior to proceeding any further with it.

In Dickinson, the court dismissed plaintiff's complaint for failure to state a claim. See Dickinson, ECF No. 123 at 5-9. A dismissal for failure to state a claim constitutes a strike within the meaning of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1121.

In Sacks, the Ninth Circuit dismissed plaintiff's appeal for failure to prosecute. See Sacks, Dkt Entry 7. It is well-settled that when determining whether the dismissal of a case constitutes a strike under Section 1915(g), the reviewing court must look to the dismissing court's action and the reasons underlying it. Knapp, 738 F.3d at 1109.

In Sacks, after acknowledging that the District Court had certified that plaintiff's appeal was not being brought in good faith and that the lower court had revoked plaintiff's in forma pauperis status as a result, the Ninth Circuit ordered plaintiff to pay filing fees prior to proceeding with his action on appeal. See Sacks, Dkt Entry 6. A finding that an appeal has not been taken in good faith is the equivalent of a finding of frivolity within the meaning of Section 1915(g). Knapp, 738 F.3d at 1110 (citing Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)). Therefore, despite the final statement by the Sacks Court that it was dismissing the action for failure to prosecute, pay fees and show cause, the Sacks dismissal also constitutes a strike. See Knapp, 738 F.3d at 1109 (stating procedural mechanism or rule by which dismissal is accomplished, while informative, is not dispositive and encouraging court's independent assessment of each dismissal).

Finally, in Paramo as in Sacks, the Ninth Circuit first noted that the District Court had certified that the appeal was not being taken in good faith and that as a result, plaintiff's in forma pauperis status had been revoked. See Paramo, Dkt Entry 6. The court also confirmed that

plaintiff was not entitled to in forma pauperis status at the appellate level because it had independently found the appeal to be frivolous. See id. As a result, the Paramo Court ordered plaintiff to pay the filing fee and to show cause. See id. When plaintiff failed to pay the filing fee as ordered, the Ninth Circuit had the matter dismissed because plaintiff had failed to respond to a court order. Specifically, plaintiff had failed to pay the filing fee and had failed to show cause. See Paramo, Dkt Entries 6, 9. This dismissal counts as a strike because of the several predicate findings of bad faith and frivolity. See generally Knapp, 738 F.3d at 1109-10.

B. Plaintiff Failed to Allege Imminent Danger

In light of the above, plaintiff is precluded from proceeding in forma pauperis in this action unless he was "under imminent danger of serious physical injury" at the time he filed this action. 28 U.S.C. § 1915(g). The complaint contains no factual allegations indicating that plaintiff was under imminent danger of serious physical injury at the time of filing.[2] See generally ECF No. 1. His claim involves medical care for painful but longstanding medical conditions, and no facts that if true would support a finding of imminent harm such that the § 1915(g) danger exception would apply. Accordingly, the undersigned recommends that plaintiff be ordered to pay the filing fee prior to proceeding any further with this action.

IV. PLAINTIFF'S MOTION FOR SANCTIONS, DISMISSAL OR AN ENTRY OF JUDGMENT

Because plaintiff is a three-strikes litigant, he must first pay the filing fee prior to proceeding any further with this action. Therefore, his motion for sanctions, dismissal or an entry of judgment (see ECF No. 54) is premature. As a result, the undersigned will recommend that the motion be denied as such. Once plaintiff pays the filing fee, he will be free to file the motion

---

[2] The record indicates that the complaint was accompanied by a separate motion for preliminary injunction. See ECF No. 5. The motion sought a court order requiring defendants to provide plaintiff with a bilateral hip replacement to relieve him of his pain and suffering. See id. at 1-3. To the extent if any that the preliminary injunction motion can be construed as an assertion that plaintiff was "under imminent danger of serious physical injury" within the meaning of Section 1915(g) at the time he filed the complaint, it fails to support the statutory exception. The undersigned denied the motion in part on the grounds that plaintiff had failed to provide any evidence to substantiate his claim that irreparable medical harm would result if the injunction did not issue. See ECF No. 6 at 2-3.

4

anew should he still believe there is a need to do so.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be declared a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g);

2. Defendants' motion to revoke plaintiff's in forma pauperis status, filed August 5, 2019 (ECF No. 41), be GRANTED;

3. Plaintiff's in forma pauperis status granted August 30, 2017 (see ECF No. 6) be REVOKED;

4. Plaintiff be ordered to pay the filing fees within a reasonable amount of time prior to proceeding any further with this action, and

5. Plaintiff's motion for sanctions, dismissal or an entry of judgment, filed October 2, 2019 (ECF No. 54), be DENIED as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE